UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BROKDALE SENIOR LIVING COMMUNITIES, INC., a foreign corporation dba CLARE BRIDGE OF LYNNWOOD,<br><br>Plaintiff,<br><br>v.<br><br>LORRAINE J. HARDY, by and through her Guardian of the Estate, OHANA FIDUCIARY CORPORATION,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION |

COMES NOW Plaintiff Brookdale Senior Living Communities, Inc., by and through its attorneys of record, and files this Complaint for Declaratory Judgment to Compel Arbitration in accordance with the arbitration agreement between the parties. In support thereof, Plaintiff alleges and states:

I.  NATURE OF THE ACTION

1.1   Plaintiff seeks an order from this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, compelling Defendants Lorraine Hardy and Ohana Fiduciary Corporation to arbitrate a dispute existing among the parties in accordance with the terms of an Arbitration Agreement properly executed by Defendant Lorraine Hardy's son and attorney-in-fact on January 17, 2008.

COMPLAINT FOR DECLARATORY JUDGMENT TO
COMPEL ARBITRATION - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

1.2     Plaintiff also seeks an order from this Court enjoining Defendants Lorraine Hardy and Ohana Fiduciary Corporation from pursuing their claims asserted in the lawsuit captioned as *Lorraine J. Hardy, by and through her Guardian of the Estate, Ohana Fiduciary Corporation v. Brookdale Senior Living Communities, Inc. d/b/a Clare Bridge of Lynnwood et al.*, Cause No. 14-2-07067-3, which was commenced in the Superior Court of Washington for Snohomish County in violation of the parties' Arbitration Agreement.

## II.  THE PARTIES

2.1     Plaintiff Brookdale Senior Living Communities, Inc. ("Brookdale" or "Plaintiff") is a Delaware corporation with its principal place of business located in Tennessee. Brookdale does business in the State of Washington as Clare Bridge of Lynnwood, an assisted living community located in Snohomish County, Washington. Prior to 2009, Clare Bridge of Lynnwood ("Clare Bridge") was operated by Brookdale under the name Alterra Healthcare Corporation. In 2005, Alterra Healthcare Corporation became a wholly owned subsidiary of Brookdale Senior Living, Inc. In 2009, Alterra Healthcare Corporation changed its name to Brookdale Senior Living Communities, Inc. Thus, Alterra Healthcare Corporation and Brookdale Senior Living Communities, Inc. is the same entity with a different name.

2.2     Upon information and belief, Defendant Lorraine Hardy was a resident of Snohomish County, Washington at all times material to the Complaint.

2.3     Upon information and belief, Defendant Ohana Fiduciary Corporation is a Washington corporation and was appointed as the Full Guardian of the Estate of Lorraine J. Hardy on June 26, 2008, by the Superior Court of Washington for Snohomish County in Cause No. 08-4-00533-5.

## III.  JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff and Defendants are citizens of different states. According to Defendants' Amended Complaint, Defendants seek general damages, special damages, attorneys' fees and

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

costs, as well as expert fees.  Based on the categories of claimed damages by Defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.2   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within this district and Defendants are subject to personal jurisdiction in this district.

3.3   Venue is also proper in this Court pursuant to 9 U.S.C. § 4 because the parties agreed to arbitrate any disputes between them in Lynnwood, Washington, which is located within the Western District of Washington.  (*See* Exhibit B at § V.A.3.)

## IV.  FACTUAL BACKGROUND

**A.   The Durable Power of Attorney.**

4.1   Defendant Lorraine Hardy appointed her son, Warren Weber, her attorney-in-fact when she executed a Durable Power of Attorney ("Power of Attorney") on or about December 13, 2007.  A true and correct copy of the Power of Attorney is filed herewith as "Exhibit A" and is incorporated herein by reference as if fully set forth herein.

4.2   The powers granted to Warren Weber by the Power of Attorney are broad.  The Power of Attorney granted Warren Weber "all of the powers of an absolute owner over the assets and liabilities" of Lorraine Hardy.  (Exhibit A at p.1.)  For instance, Mr. Weber was authorized to "[m]ake, do and transact all and every kind of business of every kind and description," "[p]rovide for the support, maintenance, health emergencies, urgent necessities, and death with dignity," and "[t]o make and file disclaimers under federal or state law[.]" (Exhibit A at p.1-2.)

4.3   In addition, the Power of Attorney granted Mr. Weber comprehensive rights to make healthcare decisions for his mother:

> Employ and Discharge Health Care Personnel.  I authorize my Attorney-in-Fact to employ and discharge medical personnel including physicians, psychiatrists, dentists, nurses, and therapists as my Attorney-in-Fact shall deem necessary for my physical, mental and emotional well-being, and to cause to be paid to them reasonable compensation.

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

<u>Give, Withhold or Withdraw Consent to Medical Treatment</u>. I authorize my Attorney-in-Fact (a) to give or withhold consent to any medical procedure, test or treatment, including surgery; (b) to arrange for my hospitalization, convalescent care, hospice, or home care[.]

(Exhibit A at p.2.)

4.4    The Power of Attorney included a "reliance" provision, acknowledging that the "Attorney-in-Fact and all persons dealing with the Attorney-in-Fact shall be entitled to rely upon this Power of Attorney[.]"  (Exhibit A at p.5.)

**B.    Lorraine Hardy's Residency at Clare Bridge.**

4.5    On or about January 17, 2008, Lorraine Hardy became a resident of Clare Bridge, an assisted living community located in Snohomish County, Washington.

4.6    On that date, pursuant to the Power of Attorney, Warren Weber signed the documents relating to his mother's residency at Clare Bridge including: (1) the Alterra Residency Agreement; (2) Schedule of Services and Rates; and (3) Responsible Party Agreement.  True and correct copies of the Residency Agreement, Schedule of Services and Rates and Responsible Party Agreement are filed herewith as "Exhibit B" and are incorporated herein by reference.

4.7    The Residency Agreement specifically states that the agreement "is for the benefit of and binds the parties and their respective heirs, representatives, successors and assigns."  (*See* Exhibit B at p.20.)

**C.    The Arbitration Agreement.**

4.8    Section V.A of the Residency Agreement includes an arbitration provision (hereinafter, the "Arbitration Agreement"), which provides that the parties shall submit any disputes to binding arbitration.  (*See* Exhibit B at p.13-18.)[1]

4.9    On January 17, 2008, Mr. Weber signed the Arbitration Agreement pursuant to the Power of Attorney.  (*See* Exhibit B at p.17-18.)

---

[1] Page 16 from Ms. Hardy's Residency Agreement cannot be located in spite of a diligent and reasonable search.  Brookdale has located a representative example of Page 16 from another Alterra Residency Agreement, which is included within Exhibit B in the place of Page 16.

COMPLAINT FOR DECLARATORY JUDGMENT TO
COMPEL ARBITRATION - 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

4.10 In signing the Arbitration Agreement on his mother's behalf as her attorney-in-fact, Mr. Weber acknowledged that:

> Any and all claims . . . shall be submitted to binding arbitration, as provided below, and shall not be filed in a court of law. **The parties to this Agreement further understand that a jury will <u>not</u> decide their case.**

(Exhibit B at p.13 (emphasis in original); *see also* Exhibit B at p.18.)

4.11 The Arbitration Agreement applies to any and all claims and disputes between the parties, which the Agreement defines in the broadest possible terms:

> Any and all claims or controversies arising out of or in any way relating to this Agreement or the Resident's stay at Alterra, excluding any action for eviction, and including disputes regarding interpretation of this Agreement, whether arising out of State or Federal law, whether existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, irrespective of the basis for the duty or the legal theories upon which the claim is asserted . . .

(Exhibit B at p. 13.) Moreover, "[a]ll current damages and reasonably foreseeable damages arising out os such claims or controversies shall also be incorporated into the initial demand or amendment thereto." (Exhibit B at p.14.)

4.12 The Arbitration Agreement provides that the parties shall agree upon an arbitrator that "must either be a retired Washington circuit or federal court judge or a member of the Washington Bar with at least ten (10) years of experience as an attorney." (Exhibit B at p.14.) Further, the arbitrator must be neutral:

> The arbitrator shall be independent of all parties, witnesses, and legal counsel. No past or present officer, director, affiliate, subsidiary, or employee of a party, witness, or legal counsel may serve as an arbitrator in the proceeding.

(*Id.*) If the parties cannot agree upon an arbitrator, then the parties shall refer the matter to the American Arbitration Association or any "other similar organization." (*Id.*) In such a scenario, "each party shall have the right to request one (1) substitution within ten (10) days of receiving notice of the identity of the arbitrator." (*Id.*)

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122819.0065/6254969.1

4.13     The Arbitration Agreement also includes a description of the rules of procedure. First, the Agreement provides that "[t]he Revised Code of Washington concerning arbitration shall govern the procedure, except if inconsistent with this Arbitration Provision or expressly stated otherwise in this Agreement." (Exhibit B at p.13.) Second, the Agreement provides that "[d]iscovery in the arbitration proceeding shall be governed by the Washington Rules of Civil Procedure" subject to modifications set forth in Section V.A.6 of the Residency Agreement. (Exhibit B at p.15.) However, "nothing in this Agreement is to be construed to contradict any applicable Washington statutory grievance or mediation procedure." (Exhibit B at p.14.)

4.14     The arbitration proceedings shall take place in the county in which the Residence is located, unless agreed to otherwise by mutual consent of the parties. (Exhibit B at p.14.)

4.15     The Arbitration Agreement places no restrictions on the causes of action that can be pursued. (*See* Exhibit B at p.13-18.)

4.16     Warren Weber placed his initials on page 17 of the Residency Agreement, indicating that he "read and understood the provisions of section V., subsection A"—i.e., the Arbitration Agreement. (*See* Exhibit B at p.17, 21.)

4.17     Section V.C of the Residency Agreement provides that the resident "acknowledges that he or she has been encouraged to discuss this Agreement with an attorney" and also that the "parties to this Agreement further understand that a jury will not decide their case." (*See* Exhibit B at p.18.)

4.18     Warren Weber placed his initials on page 18 of the Residency Agreement, indicating that he "read and understood the provisions of section V., subsection C." (*See* Exhibit B at p.18, 21.)

4.19     Lorraine Hardy resided at Clare Bridge of Lynnwood until June 25, 2013.

4.20     Neither Lorraine Hardy nor Warren Weber rescinded the Arbitration Agreement during the course of Ms. Hardy's residency at Clare Bridge.

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 6

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

4.21   Likewise, Ohana never rescinded the Arbitration Agreement executed by Warren Weber following its appointment as the Full Guardian of the Estate of Lorraine J. Hardy in June of 2008.

**D.   The State Court Action Initiated by Lorraine Hardy's Guardian of the Estate.**

4.22   On November 7, 2014, Lorraine Hardy and Ohana Fiduciary Corporation ("Ohana"), as Full Guardian of the Estate, filed an Amended Complaint for Damages against Brookdale in the Superior Court of Washington for Snohomish County in the case captioned as *Lorraine J. Hardy, by and through her Guardian of the Estate, Ohana Fiduciary Corporation v. Brookdale Senior Living Communities, Inc. d/b/a Clare Bridge of Lynnwood et al.*, Cause No. 14-2-07067-3 (hereinafter, the "*Hardy* Lawsuit"). A true and correct copy of the Amended Complaint for Damages is filed herewith as "Exhibit C" and is incorporated herein by reference.

4.23   The *Hardy* Lawsuit includes claims for medical negligence and violation of Washington's Vulnerable Adult Statute and alleges that Brookdale "caused severe and permanent injuries and damages to Ms. Hardy" during her residency at Clare Bridge of Lynnwood. (*See generally* Exhibit C.)

4.24   The claims asserted in the *Hardy* Lawsuit—which arise out of Ms. Hardy's residency at Clare Bridge and sound in tort and breach of statutory duties—fall within the scope of the Arbitration Agreement executed by Mr. Weber pursuant to a valid Power of Attorney.

4.25   Ms. Hardy and Ohana initiated this lawsuit notwithstanding the existence of the valid and enforceable Arbitration Agreement, executed by Warren Weber in his capacity as Ms. Hardy's attorney-in-fact, which obligated Ms. Hardy to resolve any disputes she had with Clare Bridge by using the arbitration process described in the Arbitration Agreement.

4.26   In the *Hardy* Lawsuit, Ms. Hardy and Ohana have alleged that the Arbitration Agreement is unenforceable. (*See* Exhibit C at p.12.)

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

4.27 On January 6, 2015, Brookdale provided Defendants' counsel with written notice of its intent and demand to arbitrate the claims asserted in the *Hardy* Lawsuit pursuant to Section V.A.2 of the Residency Agreement.

4.28 Despite Ms. Hardy's obligation to arbitrate the dispute, Defendants have thus far refused to arbitrate as required under the Residency Agreement.

## V. CAUSE OF ACTION—DECLARATORY RELIEF

5.1 Brookdale restates and realleges the allegations of paragraphs 1.1 through 4.28 above, as if fully restated herein.

5.2 The Federal Arbitration Act ("FAA") mandates arbitration of claims that are subject to a written arbitration agreement evidencing interstate commerce. Specifically, the FAA requires arbitration where: (a) there is a valid, written agreement, and (b) there is a dispute within the scope of the agreement.

5.3 Section 2 of the FAA provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

*See* 9 U.S.C. § 2.

5.4 The FAA's "involving commerce" requirement is met because Clare Bridge of Lynnwood is owned and operated by an out-of-state corporation, which provides assisted living services to Washington residents. Brookdale is a Delaware corporation with its principal place of business in Tennessee.

5.5 Further, the "involving commerce" requirement is satisfied because Clare Bridge: (a) receives Medicaid funding, and (b) obtains resources and supplies from out-of-state vendors.[2]

---

[2] *See, e.g.*, *Pickering v. Urbantus, LLC*, 827 F. Supp. 2d 1010, 1013-1017 (S.D. Iowa 2011) (finding interstate commerce because the Iowa-based assisted living facility was owned and operated by an entity located in Washington); *Ruszala v. Brookdale Living Communities, Inc.*, 1 A.3d 806, 817-18, 415 N.J. Super. 272 (2010) (applying the FAA because the assisted living facility received resources and supplies from out-of-state vendors); *Owens v. Coosa Valley Health*, 890 So.2d 983, 987 (Ala. 2004) (finding interstate commerce because the nursing

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 8

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122819.0065/6254969.1

5.6  The FAA's "written agreement" requirement is met because the parties' Arbitration Agreement, which was included in the Residency Agreement, was executed by Defendant Lorraine Hardy's attorney-in-fact pursuant to a valid Power of Attorney on January 17, 2008.

5.7  Thus, the Residency Agreement and accompanying Arbitration Agreement are contracts "evidencing a transaction involving interstate commerce" within the meaning of 9 U.S.C. § 2.

5.8  The FAA's final requirement—i.e., that there is a dispute within the scope of the agreement—is also satisfied and requires enforcement of the parties' Arbitration Agreement.

5.9  The Arbitration Agreement provides that:

> Any and all claims or controversies arising out of or in any way relating to . . . the Resident's stay at [Clare Bridge of Lynnwood], excluding any action for eviction, and including disputes regarding interpretation of this Agreement, whether arising out of State or Federal law, whether existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall be submitted to binding arbitration

5.10  The claims asserted in the *Hardy* Lawsuit—which arise out of Ms. Hardy's residency at Clare Bridge of Lynnwood and sound in tort and breach of statutory duties—fall within the scope of the Arbitration Agreement executed by Mr. Weber pursuant to a valid Power of Attorney.

5.11  Defendants improperly filed the *Hardy* Lawsuit in the Superior Court of Washington for Snohomish County, rather than submitting these claims to binding arbitration as required by the Arbitration Agreement and the FAA.

5.12  Section 4 of the FAA provides that:

A party aggrieved by the alleged failure, neglect, or refusal of another to

---

home was regulated by federal regulations and received Medicaid and Medicare funding); *Briarcliff Nursing Home, Inc. v. Turcotte*, 894 So.2d 661, 667-68 (Ala. 2004) (focusing on the fact that the nursing provider was an out-of-state entity providing services to residents from various states); *McGuffey Health & Rehab. Center v. Gibson*, 864 So.2d 1061, 1063 (Ala. 2003) (finding interstate commerce because the facility received Medicaid and Medicare funding).

COMPLAINT FOR DECLARATORY JUDGMENT TO
COMPEL ARBITRATION - 9

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

> arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement…. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

5.13    Section 3 of the FAA requires that suits brought in state or federal court must be stayed pending resolution of the arbitration process.  It provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

5.14    Warren Weber properly executed the Arbitration Agreement on his mother's behalf, she is bound by the Arbitration Agreement, and Brookdale has the contractual right to the enforcement of the Arbitration Agreement under the FAA and Washington law.

5.15    Based on the foregoing, there is a real and present controversy existing between Plaintiff and Defendants regarding the proper venue for the claims asserted in the *Hardy* Lawsuit.

5.16    Plaintiff is entitled to declaratory relief establishing that the claims alleged in the *Hardy* Lawsuit are subject to arbitration pursuant to the parties' Arbitration Agreement and an order compelling arbitration.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 10

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

1. A Declaratory Judgment in favor of Plaintiff and against Defendants Lorraine Hardy and Ohana Fiduciary Corporation, establishing that the claims alleged in the *Hardy* Lawsuit are subject to arbitration pursuant to the parties' Arbitration Agreement;

2. An Order compelling arbitration of the claims asserted in the *Hardy* Lawsuit and compelling the parties to adhere to the terms of the Arbitration Agreement;

3. A stay of this proceeding pending arbitration;

4. An Order enjoining Defendants from pursuing their claims in the *Hardy* Lawsuit, currently pending in the Superior Court of Washington for Snohomish County; and

5. Any other and further relief that the Court deems just and equitable.

DATED: January 22, 2015

LANE POWELL PC

By  *s/Jennifer K. Sheffield*
Barbara J. Duffy, WSBA No. 18885
duffyb@lanepowell.com
Charles C. Huber, WSBA No. 18941
huberc@lanepowell.com
Jennifer K. Sheffield, WSBA No. 41929
sheffieldj@lanepowell.com
Telephone: 206.223.7000
Facsimile: 206.223.7107
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 11

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 22nd day of January, 2015, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Mr. Jeff B. Crollard
Crollard Law Office, PLLC
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
(206) 623-3838
JBC@CrollardLaw.com

I also hereby certify that I have served by hand the document to the following non-CM/ECF participant:

OHANA FIDUCIARY CORPORATION
c/o Registered Agent Mark C. Vohr
9725 Third Avenue NE, Ste. 205
Seattle, WA 98115

Executed on the 22nd day of January, 2015, at Seattle, Washington.

*s/Jennifer K. Sheffield*
Signature of Attorney
WSBA No. 41929
Typed Name:  Jennifer K. Sheffield
Address:  1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
Fax:  206.223.7107
E-mail:  sheffieldj@lanepowell.com
Attorney(s) For:  Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL ARBITRATION - 12

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122819.0065/6254969.1