# DURABLE POWER OF ATTORNEY

## ARTICLE I
## IDENTIFICATION AND APPOINTMENT

1.1 **Designation.** I, LORRAINE J. HARDY as principal (the "Principal"), do hereby appoint my son, WARREN D. WEBER as my true and lawful Attorneys-in-Fact.

1.2 **When Operative.** This Power of Attorney shall be effective upon signing.

1.3 **Intention of Principal:** By this instrument I intend to create a Durable Power of Attorney pursuant to RCW 11.94 and to provide for health care decisions as authorized by RCW 7.70.065.

## ARTICLE II
## GENERAL POWERS - PROPERTY

2.1 **Powers.** The Attorney-in-Fact shall have all of the powers of an absolute owner over the assets and liabilities of the Principal, whether real or personal and whether located within or without the State of Washington, including without limitation the power and authority to do the following:

2.2 Pay, settle, or otherwise discharge any and all claims of liability or indebtedness against the Principal.

2.3 Demand, sue for, collect and receive all debts, accounts, inheritances, dividends, annuities, interests in real and personal property, and rights to the possession or use of such property.

2.4 Bargain and contract for real or personal property or any interest therein.

2.5 Lease, sell, exchange, assign, and encumber any real or personal property or any interest therein.

2.6 Purchase United States Treasury Bonds which may be redeemed at par in payment of federal estate tax.

2.7 Exercise any and every right and power which the Principal may now or hereafter have in respect of any and all savings, checking or agency accounts and any and all safe deposit boxes and envelopes or other safekeeping account, including, without limitation, the power and authority to open any and all such accounts for the Principal in the Principal's name, and to give instructions in respect of and make deposits in and withdrawals from any and all such accounts whether or not the same have been opened by the Attorney-in-Fact.

2.8 Make, do and transact all and every kind of business of every kind and description, including but not limited to, the buying, selling and trading of stocks, mutual funds, and negotiable instruments.

DURABLE POWER OF ATTORNEY          Page 1 of 6

*L.J.H.*

EXHIBIT A

2.9   Make gifts of the Principal's property during the Principal's lifetime; provided, however, that any such gifts shall be made only to heirs of the Principal.

2.10  Provide for the support, maintenance, health emergencies, urgent necessities, and death with dignity of the disabled or incompetent Principal.

2.11  To make and file disclaimers under federal or state law, notwithstanding the Limitation of Powers paragraph herein below.

## ARTICLE III
## GENERAL POWERS - MEDICAL

3.1   **Medical Powers**. I authorize my Attorney-in-Fact to exercise the powers granted relating to matters involving my health, medical care and mental health care. In exercising such powers, I direct my Attorney-in-Fact first to try to discuss with me the specifics of any proposed decision regarding my medical care and treatment if I am able to communicate in any manner, however rudimentary. If I am unable to give an informed consent to a proposed treatment, my Attorney-in-Fact shall give, withhold, or withdraw such consent for me based upon any treatment choices that I have expressed to my Attorney-in-Fact while not disabled, whether under this instrument or otherwise. If my Attorney-in-Fact cannot determine the treatment choice that I would want made under such circumstances, then I direct my Attorney-in-Fact to make such choice for me based upon what my Attorney-in-Fact believes to be in my best interests. Accordingly, I authorize my Attorney-in-Fact as follows:

3.2   **Obtain Access to Medical Records and Other Personal Information**. I authorize my Attorney-in-Fact (a) to request, receive and review any information, verbal or written, regarding my personal affairs or my personal or mental health, including medical and hospital records; (b) to execute any releases or other documents that may be required in order to obtain such information; and (c) to disclose such information to such persons, organizations, firms or corporations as my Attorney-in-Fact deems appropriate.

3.3   **Employ and Discharge Health Care Personnel**. I authorize my Attorney-in-Fact to employ and discharge medical personnel including physicians, psychiatrists, dentists, nurses, and therapists as my Attorney-in-Fact shall deem necessary for my physical, mental and emotional well-being, and to cause to be paid to them reasonable compensation.

3.4   **Give, Withhold or Withdraw Consent to Medical Treatment**. I authorize my Attorney-in-Fact (a) to give or withhold consent to any medical procedure, test or treatment, including surgery; (b) to arrange for my hospitalization, convalescent care, hospice, or home care; (c) to summon paramedics or other emergency medical personnel and to seek emergency treatment for me, as my Attorney-in-Fact deems appropriate; and (d) under circumstances in which my Attorney-in-Fact determines that certain medical procedures, tests or treatments are no longer of benefit to me, or where the benefits are outweighed by the burdens imposed, to withdraw, revoke, modify or change consent to such procedures, tests, and treatments as well as hospitalization, convalescent care, hospice or home care which I or my Attorney-in-Fact may have previously allowed or consented to or which may have been provided due to emergency conditions. I direct my Attorney-in-Fact to be guided by (1) the provisions of this instrument; (2) any reliable evidence of preferences that I may have expressed on the subject, whether before or after the execution of this document; (3) what my Attorney-in-Fact thinks I would want done in the circumstances if I were able to express myself; and (4) any information given to my Attorney-in-Fact by the physicians treating me as to my medical diagnosis and prognosis, and the intrusiveness, pain, risks, and side effects associated with the treatment.

3.5 **Authorize Relief From Pain**. I authorize my Attorney-in-Fact to consent to and arrange for the administration of pain-relieving medication of any kind or for other surgical or medical procedures calculated to relieve my pain, including conventional pain-relief therapies which my Attorney-in-Fact thinks may be helpful, even though such medications or procedures may lead to permanent physical damage or addiction, or may hasten the moment of (but not intentionally cause) my death.

3.6 **Grant Releases**. I authorize my Attorney-in-Fact to grant releases from liability for damages suffered by me to hospital staff, physicians, nurses and other medical and hospital administrative personnel who act in reliance on instructions given by my Attorney-in-Fact or who render written opinions to my Attorney-in-Fact in connection with any matter described in this instrument. I authorize my Attorney-in-Fact to sign documents titled or purporting to be "Refusal to Treatment" and "Leaving Hospital Against Medical Advice," as well as any necessary waivers of or release from liability required by a hospital or physician to implement my wishes regarding medical treatment or non-treatment.

3.7A **Life Sustaining Treatment**. I wish to live and enjoy life as long as possible. However, I do not wish to receive medical treatment that will only postpone the moment of my death from an incurable and terminal condition or prolong an irreversible coma. For this purpose (a) "terminal condition" means a condition that is reasonably expected to result in death within twelve months regardless of the treatment I receive, and (b) "irreversible coma" refers to a permanent loss of consciousness from which there is no reasonable possibility that I will return to a cognitive and sapient life, and shall include, but not be limited to, a persistent vegetative state.

3.7B **Specific Authorization**. If two licensed physicians who are familiar with my condition have diagnosed and noted in my medical records that:

(a) I am unable to give informed consent to medical treatment that is proposed or available for my condition and my condition is terminal as defined in 3.7A above, or

(b) I have been in a coma for at least fifteen days and the coma is irreversible as defined in 3.7A above, my Attorney-in-Fact is authorized to:

(i) Direct that treatment or procedures which will only postpone the moment of my death or prolong an irreversible coma be withheld, or, if previously instituted, direct that they be withdrawn;

(ii) Direct that procedures, including, but not limited to, manual feeding used to provide me with nourishment and hydration (for example, all forms of intravenous and parenteral feeding and all forms of tube feeding and misting) be withheld, or, if previously instituted, direct that they be withdrawn;

(iii) Sign on my behalf any document necessary to carry out the powers granted in this article (including waivers or releases of liability required by any health care provider);

(iv) Direct and consent to the writing of a "No Code" or "Do Not Resuscitate" order by any health care provider, and direct the withholding of cardiopulmonary resuscitation or mechanical ventilation; and

  (v) Order whatever is appropriate to keep me as comfortable and as free of pain as is reasonably possible, including the administration of pain-relieving medication, surgical and medical procedures calculated to relieve my pain, and unconventional pain relief therapies which my Attorney-in-Fact believes may be helpful, even though such medications or procedures may lead to permanent physical damage, addiction or hasten the moment of (but not intentionally cause) my death.

 In exercising the powers given my Attorney-in-Fact under this Article III, my Attorney-in-Fact shall follow the instruction of this document and any subsequent instructions, oral or written, that I may give my Attorney-in-Fact while I am competent. Notwithstanding such instructions, if my Attorney-in-Fact cannot determine the treatment choice I would want made under the circumstances, then my Attorney-in-Fact should make such choice for me after determining what my Attorney-in-Fact believes to be in my best interests.

**3.8** **HIPAA Release Authority**: I intend for my Attorney-in-Fact to be treated as I would be with respect to my rights regarding the use and disclosure of my individually identifiable health information or other medical records. This release authority applies to any information governed by the Health Insurance Portability and Accountability Act of 1996 (a/k/a HIPAA), 42 USC 1320d and 45 CFR 160-164 as now written or hereafter amended. I authorize any physician, health care professional, dentist, health plan, hospital, clinic, laboratory, pharmacy, or other covered health care provider, and insurance company and the Medical Information Bureau, Inc., or other health care clearinghouse that has provided treatment or services to me or that has paid for or is seeking payment from me for such services to give, disclose, and release to my Attorney-in-Fact , without restriction, all of my individually identifiable health information and medical records regarding any past, present, or future medical or mental health condition. This authority given my Attorney-in-Fact shall supersede any prior agreement that I may have made with my health care providers to restrict access to or disclosure of my individually identifiable health information. The authority given my Attorney-in-Fact has no expiration date and shall expire only in the event that I revoke the authority in writing and deliver it to my health care provider. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer protected by the HIPAA rules. This authority is effective immediately and shall not be affected by my disability, incapacity, or incompetency or any uncertainty as to whether I am dead or alive.

## CERTIFICATION

 I certify that I have read the contents of this Article III directing or authorizing my Attorney-in-Fact to commence and or refuse medical treatment for me under the circumstances specified in this Article III, and the HIPAA Release Authority, that such provisions have been explained to me to my satisfaction, that I understand such provisions, and that such provisions state my wishes and desires under the circumstances described.

**PRINCIPAL:**

*Lorraine J. Hardy*
**Lorraine J. Hardy**

DURABLE POWER OF ATTORNEY  Page 4 of 6

*L.J.H.*

## ARTICLE IV
## MISCELLANEOUS POWERS

4.1 **Limitations on Powers.** The Attorney-in-Fact shall not have the power to revoke or change any testamentary documents previously executed by the Principal, unless the document authorizes changes with Court approval.

4.2 **Termination.** This Power of Attorney may be suspended or terminated by:

4.2A The Principal by written notice to the Attorney-in-Fact and by recording the written instrument of revocation in the office of the recorder or auditor of King County, Washington.

4.2B A guardian of the estate of the Principal after court approval of such revocation. (The appointment of a guardian of the person only shall not empower such guardian to revoke, suspend, or terminate this Power of Attorney.)

4.2C Actual knowledge or receipt of written notice by the Attorney-in-Fact of the death of the Principal.

4.3 **Accounting.** Upon request of the Principal, or the guardian of the estate of the Principal, or the personal representative of the Principal's estate, the Attorney-in-Fact shall account for all actions taken by the Attorney-in-Fact for or on behalf of the Principal.

4.4 **Reliance.** The Attorney-in-Fact and all persons dealing with the Attorney-in-Fact shall be entitled to rely upon this Power of Attorney so long as neither the Attorney-in-Fact nor any person with whom s/he was dealing at the time of any act taken pursuant to this Power of Attorney has received actual knowledge or actual notice of any revocation, suspension or termination of the Power of Attorney by death or otherwise. Any action so taken, unless otherwise invalid or unenforceable, shall be binding on the heirs, devisees, legatees and personal representatives of the Principal.

4.5 **Indemnity.** The estate of the Principal shall hold harmless and indemnify the Attorney-in-Fact from all liability for acts done in good faith and not in fraud of the Principal.

4.6 **Reimbursement of Costs.** Attorney-in-Fact shall be reimbursed for all reasonable costs and expenses incurred on my behalf under any provision of this document. I direct that this provision be interpreted liberally in favor of full and complete reimbursement.

4.7 **Nomination of Guardian.** Pursuant to RCW 11.88.010(4) and RCW 11.94.010, I hereby nominate my son, WARREN D. WEBER, to be appointed by the Court as the guardian or limited guardian of my person if protective proceedings for my person are hereafter commenced.

4.8 **Home Health Care:** If feasible, it is my stated preference to have my care arranged to occur in my own home. Therefore, I specifically grant to my attorney-in-fact or request my duly appointed guardian to arrange for home health care and to pay for the same out of my estate.

4.9 **Photocopies.** My Attorney-in-Fact is authorized to make photocopies of this document as frequently and in such quantity as my Attorney deems appropriate. I direct that a photocopy be given the same force and effect as the original. I direct my Attorney-in-Fact to see that a photocopy of this document is placed with my medical records.

4.10 **Severability**. If any provision of this document is invalid or unenforceable under applicable law, this document shall be ineffective to the extent of such invalidity only, without affecting the remaining parts hereof.

4.11 **Applicable Law**. The laws of the State of Washington shall govern this Durable Power of Attorney.

4.12 **Compensation**. My Attorney-in-Fact is authorized to pay to herself or himself a reasonable compensation from my estate for her or his services.

DATED this 13th day of December, 2007.

*Lorraine J. Hardy*
Lorraine J. Hardy, Principal

STATE OF WASHINGTON )
                                            ) ss.
COUNTY OF KING            )

On this day personally appeared before me Lorraine J. Hardy, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the purposes therein mentioned.

GIVEN under my hand and official seal this 13th day of December, 2007.

*Robert A Dootson*
NOTARY PUBLIC in and for the State of Washington, residing at SAMMAMISH WA.
My commission expires August 15, 2009.

ROBERT A. DOOTSON
STATE OF WASHINGTON
NOTARY — • — PUBLIC
MY COMMISSION EXPIRES 08-15-09

DURABLE POWER OF ATTORNEY          Page 6 of 6